UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SARDAR RASUOLI,

       Petitioner,

    v.                           Case No.:  2:26-cv-02105-SPC-NPM

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

       Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Sardar Rasuoli's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Rasuoli is a native of Afghanistan.  He entered the United States on April 5, 2024, and the Department of Homeland Security processed him for expedited removal with a credible fear claim.  On December 11, 2024, an immigration judge ordered Rasuoli removed to Afghanistan but granted withholding of removal.  Immigration and Customs Enforcement ("ICE") released him under an order of supervision on January 15, 2025.  Since then, he has complied with all terms of supervision, and he has no criminal record.

On November 29, 2025, ICE revoked Rasuoli's release and arrested him. He is currently detained at Glades County Detention Center.  Rasuoli challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Before addressing the merits of Rasuoli's claim, the Court must address its jurisdiction.  The respondents argue two sections of the INA strip the Court of jurisdiction over this action.  They first points to a provision that bars courts from hearing certain claims.  It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  This jurisdictional bar is narrow.  "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General.  Instead, we read the language to refer to just those three specific actions themselves.").  "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged."  *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also raise the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9). The zipper clause only applies to claims requesting review of a removal order. *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Rasuoli does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, Rasuoli challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to federal-court review."). A decision in Rasuoli's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

The Court now turns to the merits of Rasuoli's claim. "Once a noncitizen's order of removal becomes administratively final, the Government

'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Rasuoli has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government cannot lawfully remove him to Afghanistan, and no third country has agreed to accept him. The burden thus shifts to the respondents. The government's brief claims ICE is actively pursuing removal to Brazil, but the government's own evidence disproves that claim. According to the Declaration of Deportation Officer Arthur R. Rogers, Jr., the Brazilian consulate informed ICE that Rasuoli is not eligible to enter Brazil.[1] The government offers no alternative plan for removal.

The Court finds no significant likelihood Rasuoli will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, DHS can detain Rasuoli to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

---

[1] The Court reminds the respondents' counsel of her obligations under Federal Rule of Civil Procedure 11

Sardar Rasuoli's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Rasuoli within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record